THOMAS C. WHITE *et al.,* plaintiffs in error, *vs.* WILLIAM M. HASLETT *et al.,* executors, defendants in error.

1. Where a rule absolute is rendered against a sheriff for his failure to make the money on an execution placed in his hands for collection, the defendants in execution cannot except to the judgment of the Court.
2. Should the sheriff fail to except, and thereafter attempt to enforce the execution against the defendants for his indemnity, they will then have the opportunity to protect themselves.

Bill of exceptions.    Sheriff.    Before Judge ANDREWS. Elbert Superior Court.    March Term, 1873.

For the facts of this case, see the decision.

H. A. ROEBUCK, by CLARK & GOSS, for plaintiffs in error.

R. TOOMBS, for defendants.

WARNER, Chief Justice.

This was a rule against the sheriff of Elbert county, calling upon him to show cause why he should not pay over to the plaintiffs the amount due on an execution placed in his hands in favor of the executors of Rucker *vs.* T. C. and J. S. White. The sheriff, in answer to said rule, showed for cause that an affidavit of illegality had been made by the defendants to the execution which had been returned by him to the Superior Court of said county, and had been since sustained by the Court.    It also appears in the record that the defendants had deposited the sum of $3,000 00 in the hands of Mattox & Foition, who bound themselves to pay to the sheriff the amount of the execution in the event he should be made liable therefor, on a rule absolute being obtained against him. The Court, after hearing argument, made the rule absolute against the sheriff for the amount due on the execution. Whereupon the defendants in the execution excepted to the judgment of the Court, and prosecuted their writ of error to this Court, the sheriff refusing to except to the judgment of the Court against him, and to prosecute a writ of error to this

Court therefrom. Whether the Court below erred in making the rule absolute against the sheriff is not the question now before this Court, but the question before us is whether the defendants in the execution can except to the judgment against the sheriff, making the rule absolute against him for being in contempt of the process of the Court placed in his hands by the plaintiffs against them.

In our judgment, they cannot do so. If the sheriff thought proper to abide the judgment of the Court against him, it was his privilege to do so upon his own responsibility, but if he should attempt to enforce the execution against the defendants hereafter for his indemnity, they will then have the opportunity to protect themselves.

Let the judgment of the Court below be affirmed.