CLARK GARRISON, JUNIOR, v. ARTHUR C. GARRISON and MISSISSIPPI VALLEY TRUST COMPANY, a Corporation, Trustees under the Will of DANIEL E. GARRISON, Deceased, Appellants, and MARY B. LANE, REGINALD E. GARRISON, CORNELIA GARRISON TURNER, CLARK GARRISON and DOROTHY S. GARRISON.—No. 39474.—188 S. W. (2d) 644.

Division Two, July 2, 1945.

*T. Percy Carr* for appellants.

*Henry A. Baker* and *Thos. S. Meng* for plaintiff-respondent Clark Garrison, Jr.

64

*Paul Bakewell, Jr.,* for defendants-respondents, Mary B. Lane, Reginald E. Garrison, Cornelia Garrison Turner and Clark Garrison.

BOHLING, C.—This review, eliminating unessential features and considering the determinative issues presented, involves the net income of the Clark Garrison trust established by the 7th clause of the will of Daniel E. Garrison, who died in 1916. This trust estate, valued then at approximately $60,000, with an annual income approximating $3,000, was before this court in Lane v. Garrison (1922), 293 Mo. 530, 239 S. W. 813. It is now valued at over $100,000, and the accumulated income here in dispute exceeds $8,000. This appeal is prosecuted by the trustees of said estate; i. e., Arthur C. Garrison and Mississippi Valley Trust Company, a corporation, from a judgment and decree awarding the annual income to Clark Garrison, Jr. We think the trial court ruled correctly on the principal issue of the case, the disposition of the annual income; although the decree may be subject to some minor modifications.

A motion to dismiss the appeal has been filed on the theory the rule announced in Love v. White, 348 Mo. 640, 643, 154 S. W. 2d 759, 760[4], and State ex rel. St. Louis Union Trust Co. v. Sartorius, 350 Mo. 46, 55[2-7], 164 S. W. 2d 356, 358[3-7], is applicable, viz., that an executor, administrator or trustee is not "aggrieved" within the meaning of the statute authorizing appeals (Sec. 1184, R. S. 1939*) under a judgment or decree determining the rights of the beneficiaries and hence, generally, has no sufficient interest in such instances for the prosecution of an appeal, in that no beneficiary of the trust appealed and appellants are merely trustees and are not aggrieved by the judgment, which fully protects them. These cases are distinguishable on the facts, recognize the possibility of exceptions to the general rule, and do not control this review.

*Insofar as material, the section reads: "Any party to a suit aggrieved by any judgment of any circuit court . . . may take his appeal . . . ."

In Love v. White, an action seeking an adjudication that plaintiff was an adopted daughter, all possible beneficiaries of the decedent's estate had been made parties to the action and had abandoned any right to appeal and, with it, any claim to the estate. The court reasoned with respect to the real estate that since plaintiff would inherit as the sole and only heir, "the administrator had no interest in it whatsoever, since it does not appear that it is needed to pay debts, or even that there are any debts. . . . And, if they [all possible beneficiaries] are willing to surrender their rights and claims, the administrator is in no position to complain, and especially so since it does not appear that there are any creditors."

In State ex rel. v. Sartorius, supra, the trustee, in doubt as to the identity of the beneficiaries, invoked the court's aid and the court decreed that certain persons were entitled to the whole of the estate. With respect to said issue, the court en banc observed: "The trustees expressly disclaimed representation of any interest other than their own, for in their brief they say, 'Relators do not pretend to represent any *missing* heirs' or to espouse the cause of such *missing* heirs.'" The court in considering "that it would be extending the doctrine too far to hold that under no circumstances can a trustee, executor or administrator appeal from a judgment or decree determining rights between parties entitled to the estate" cited cases containing observations to the following effect: "'If there appeared in the record any suggestion that there were other beneficiaries than those named in the petition, *the case might be different.*'" Bryan v. Rowland, 166 Ga. 719, 144 S. E. 275, 277. A case holding trustees were "aggrieved and entitled to appeal from an order allowing fees to special guardians, payable out of the minors' share, even though neither the infants nor their general guardian objected." Re Stevens, 114 App. Div. 607, 99 N. Y. S. 1070. Executors were held entitled to appeal from a judgment adversely affecting devisees and residuary legatees who were not parties to the record below. Evans v. Johnson, 66 S. D. 256, 281 N. W. 113.

The instant situation differs from that existing in the cases relied upon by respondents and brings it within recognized exceptions. Here the rights of primary beneficiaries, possible future-born children of Clark Garrison, are involved. They, not in esse, were not parties to the suit. The testamentary trustees, appellants here, were made parties to bring these interests into court and make the judgment binding upon them. The decree expressly finds the interests of the unborn issue of Clark Garrison to be represented by the appellants. With the exception of plaintiff, Clark Garrison, Jr., the other parties are alternative or substitutionary beneficiaries, having interests subordinate to that of possible unborn issue of Clark Garrison. The consent of such beneficiaries to the judgment and abandonment of any right of appeal is immaterial. The rights of the unborn children, if

any hereafter, cannot be cut off by the consent of others whether given in collusion or otherwise. They remain represented by their trustees. In re Luscombe's Will, 109 Wis. 186, 85 N. W. 340, 343, is on the point respecting representation of unborn children. See also 4 C. J. S., p. 384, Sec. 204, a; 2 Am. Jur., p. 960(2), particularly Secs. 183, 187; Annotation, 117 A. L. R. 99; In re Stevens, 114 App. Div. 607, 99 N. Y. S. 1070; In re Johnson's Estate, 66 S. D. 256, 281 N. W. 113, 114[8]; Pugh v. St. Louis Police Relief Ass'n (Mo. App.), 179 S. W. 2d 927, 931[2]; Trieseler v. Ratican (Mo. App.), 173 S. W. 2d 595, 597[1]; and observations in State ex rel. v. Sartorius, 350 Mo. 46, 57, 164 S. W. 2d 356, 359; McArthur v. Scott, 113 U. S. 340, 402, 28 L. Ed. 1015, 1035, 5 Sup. Ct. 652, 673, quoting Lorillard v. Coster, 5 Paige 172, 215; Bryan v. Rowland, 166 Ga. 719, 144 S. E. 275, 277; Peoples Bank v. Trogdon, 276 Ill. App. 373, 385.

 All provisions, material here, of clause 7 of Daniel E. Garrison's last will and testament read:

"7. All the rest, residue and remainder of my estate, real, personal, and mixed, and wheresoever situate, I direct to be divided in kind as follows:

"One-third of such residuary estate I give, devise and bequeath to my son Arthur C. Garrison; the other two-thirds thereof shall be equally divided into five shares, the first of which shares I give and bequeath to Mary B. Garrison, widow of my deceased son Cornelius K. Garrison, the second share to my grandson Reginald E. Garrison, and the third share to my granddaughter Cornelia Garrison Turner.

"The fourth share I give, devise and bequeath to my son Arthur C. Garrison to be by him held in trust for the following purposes: To pay to my grandson Daniel E. Garrison, Third, the income therefrom not exceeding one thousand dollars per annum, divided into monthly, quarterly, or semi-annular installments, at the discretion of said trustee, for and during the natural life of said Daniel E. Garrison, Third. If my said grandson Daniel E. Garrison, Third, shall die without lawful issue him surviving, said entire trust fund remaining on hand at the time of his death, together with all accumulations thereon, shall be distributed one-half to my son Arthur C. Garrison, and the other one-half to Mary B. Garrison, Reginald E. Garrison, Cornelia Garrison Turner, and Clark Garrison, share and share alike. In case my said grandson Daniel Garrison, Third, shall, however, leave lawful issue him surviving, then my said son Arthur C. Garrison shall continue to hold said fund as trustee for the issue of my said grandson Daniel E. Garrison until they shall severally attain their legal majority. In case, however, of the entire failure of the issue of my said grandson Daniel E. Garrison, Third, without any of such issue having attained their majority as aforesaid, then I direct that said entire trust fund then remaining shall, upon such failure of issue,

be divided between my son Arthur C. Garrison and the widow and children of my deceased son Cornelius K. Garrison in the same proportions as above provided in case of the death of my said grandson Daniel E. Garrison, Third, without issue.

"The fifth share I give, devise and bequeath to my son Arthur C. Garrison, to be by him held and administered in trust for my grandson Clark Garrison upon terms and conditions identical with the trust hereinabove created for Daniel E. Garrison, Third, except that in case of the death of said Clark Garrison without issue him surviving, or in case of the failure of the issue of said Clark Garrison before any of them shall attain their majority then the trust fund on hand shall be distributed to said Mary B. Garrison, Reginald E. Garrison, and Cornelia Garrison Turner, share and share alike. . . .

"I further direct that the above provisions in favor of my said grandsons, Clark Garrison and Daniel E. Garrison, Third, shall not be in any manner subject to either anticipation or alienation or assignment, voluntary or involuntary, on the part of either of said beneficiaries, nor shall the same be in any way liable or subject to the payment of their debts; but in case of any such assignment or attempt to make such assignment, voluntary or involuntary, or to subject said fund to the payment of any such debts of either of such beneficiaries, either as to the income or principal of such fund, in whole or in part, such provision in favor of either of said beneficiaries shall cease and lapse as to him, and the beneficiary interest in said fund shall pass to such other persons as would take same in case of his decease, as above provided."

The $1,000 payable out of the annual income to Clark Garrison, testator's grandson, for life was subject to forfeiture in the event of his attempted anticipation, alienation, or assignment of his interests. In November, 1919, Clark Garrison executed a purported assignment as security for a $500 loan. The following March, Mary B. Lane (the Mary B. Garrison mentioned in said trust), Reginald E. Garrison and Cornelia Garrison Turner (mother, brother, and sister of said Clark), the named alternative contingent beneficiaries, instituted Lane v. Garrison, 293 Mo. 530, 239 S. W. 813, seeking to have the trust declared terminated and "an adjudication that plaintiffs are now entitled to all the property in the trust fund in question, both corpus and income." The judgment there entered, and affirmed in Lane v. Garrison, supra, was to the effect that the $1,000 theretofore annually payable to Clark Garrison had been forfeited by reason of the purported assignment, which was held ineffectual; that the trust was to continue until the death of said Clark Garrison, in which event, if he left issue him surviving, it would be held for and go to them as provided in the testamentary trust, and if not, or if such issue all

died before reaching majority, to the plaintiffs as therein provided.*
(293 Mo. 1. c. 537, 239 S. W. 1. c. 814).

Lane v. Garrison, supra, was tried in the trial court October 26, 1920, was adjudged December 6, 1920, and decided here March 14, 1922, on the theory Clark Garrison had no issue living (293 Mo. 1. c. 536, 239 S. W. 1. c. 814), although Clark Garrison, Jr., the instant plaintiff and only living issue of Clark Garrison, was born November 21, 1920.

Thereafter, Clark Garrison, Jr., by Dorothy S. Garrison, as guardian and curatrix, and Dorothy S. Garrison instituted an action (No. 115970-B in the circuit court of the city of St. Louis) and in 1928 secured a decree of court, so far as material here, that Clark Garrison, Jr., as the only living child of Clark Garrison, was to receive, until his majority or death, the $1,000 theretofore annually paid out of the income of said trust estate to Clark Garrison, his father. This judgment was had under the provisions of the testamentary trust and Sec. 557, R. S. 1919 (now Sec. 570, R. S. 1939), limiting the effectiveness of spendthrift trusts as against the claims of a wife or child for support and maintenance. It also directed that any future issue of Clark Garrison should likewise participate ratably in said $1,000 annual payments.

In 1941, Arthur C. Garrison, on account of advancing age et cetera, asked (in cause No. 39277-C in the circuit court of the city of St. Louis) to be relieved of the sole responsibility for the trust estate and Mississippi Valley Trust Company, a corporation, was appointed co-trustee to serve with said Arthur C. Garrison.

Attaining his majority, Clark Garrison, Jr., instituted the instant action. The decree entered, the alternative contingent beneficiaries consenting and agreeing and Dorothy S. Garrison waiving any claim for support and maintenance, awarded the entire net income from the trust estate to Clark Garrison, Jr., from and after the date of his attaining his majority; to wit, November 21, 1941, payments to be distributed as agreed to and in said decree directed and to "continue so long as Clark Garrison shall survive."

The trustees claim that this award of the net income, accrued and to accrue subsequently to November 21, 1941, to Clark Garrison, Jr.,

---

*The portion of said judgment in trial court material here read: ". . . said trustee shall continue to hold the said trust fund, together with the accumulations thereon, until the death of said grandson, Clark Garrison, for the benefit of such beneficiaries as may become hereafter entitled thereto under the contingencies provided for in said will; that is to say, for the benefit primarily of such issue of said Clark Garrison as shall survive him at the time of his death and shall thereafter attain their legal majority; but in case, upon the death of said Clark Garrison, there shall be no such issue him surviving, or in case of the entire failure of such issue before any of them shall attain his or their legal majority, then the said fund, together with the accumulations thereon, shall be distributed to the plaintiffs, Mary B. Lane, Reginald E. Garrison and Cornelia Garrison Turner, share and share alike."

ignores the rights of the primary beneficiaries under this testamentary trust; namely, such issue of Clark Garrison as upon his death shall survive him and have attained or thereafter shall attain their legal majority; that Lane v. Garrison, supra, so held and was re-affirmed in the judgments in Garrison v. Garrison (No. 115970-B) and Garrison v. Garrison (No. 39227-B) in the circuit court of the city of St. Louis, Clark Garrison, Jr., his mother and all the named alternative contingent beneficiaries being parties to said actions Nos. 115970-B and 39,227-C; and that said judgments and decrees stand res judicata of the issue here involved.

█ *Of res judicata.* Each of the judgments in the two cases entitled Garrison v. Garrison—No. 115970-B and No. 39,227-C—carried paragraphs reaffirming Lane v. Garrison, supra. Briefly, the paragraph directed the trustee or trustees to administer the trust estate in conformity with the previous judgments and decrees. We understand neither undertook any more specifically than was undertaken in Lane v. Garrison to render an adjudication with respect to the rights of the beneficiaries in and to the entire income of the trust estate. They are subject to our holding infra with respect to the effect of the judgment in Lane v. Garrison.

There is language in Lane v. Garrison which tends to support the trustees' █ position. Bearing in mind that Clark Garrison had attempted to assign his interest in the trust estate, the secondary or alternative contingent beneficiaries contended it was "the intention of the testator to cut out the subsequently born issue, if any, of Clark Garrison (he having no issue at the time), in case he assigned or attempted to assign his interest in the trust fund, and to then and there terminate the trust and give the corpus and income and the accumulations thereof to the mother, brother, and sister of said Clark Garrison." 293 Mo. l. c. 538, 239 S. W. l. c. 815. Under the alternative beneficiaries' claim and theory there was no occasion to differentiate between the corpus and the income of the trust fund. This court held, speaking to the contention: "we cannot thus construe the will." This disposed of the issue there presented for adjudication. What was said in Lane v. Garrison was said with a view to the stated facts and issues presented to the court; viz., the lapse of the gift to Clark Garrison; the fact that he had no issue living and the alternative contingent beneficiaries not acquiring any vested interest in the trust estate prior to the death of said Clark Garrison. Our search of that record discloses no issue, contested or otherwise, with respect to the possible distribution of the income under the trust provisions prior to the death of Clark Garrison. The trustees' brief on the review of that judgment here made this specific point: "This is not a suit to construe the will, but merely a suit to terminate the trust and compel distribution of the trust estate to plaintiffs." The claim of any issue of Clark Garrison to the income accruing from the trust was not

a point for discussion or adjudication on the record. We conclude Lane v. Garrison is not res judicata of the instant review. The observations therein with respect to the income are applicable enough to the facts then existing and before the court. It is the conclusion only, not the process by which the conclusion has been reached, which is the decision and adjudication of the court. Judgments are considered coram non judice, void and subject to collateral attack insofar as they undertake to decree matter not at issue. Consult Weatherford v. Spiritual Christian Union Church (Mo.), 163 S. W. 2d 916, 918[3]; State ex rel. v. Public Serv. Comm., 234 Mo. App. 470, 482, 134 S. W. 2d 1069, 1075, 348 Mo. 613, 154 S. W. 2d 777.

*Of the testamentary trust provisions.* We are not prepared to say that construing the will so Clark Garrison, Jr., received the net income from the trust estate in the circumstances now existing was error. Testator's intention is the guide for the construction of testamentary trust estates. Lane v. Garrison, 293 Mo. 531, 537, 239 S. W. 813, 814[1]. Testator disposed of his residuary estate in the "7th" paragraph of his will; one-fifth of two-thirds or two-fifteenths being here involved. All but four-fifteenths were outright gifts. The four-fifteenths were disposed of in two testamentary trusts of two-fifteenths each. Testator must have considered, absent some expressed provision contra, he was passing the income of this portion of his residuary estate as well as the corpus to the designated testamentary beneficiaries. A donor's legal directions control the administration of trust estates; corpus and income; but the instant testamentary trust appears to be not as specific for the administration of the income in certain events as it might have been. Testator explicitly provided for the administration of the two trust estates on identical terms and conditions insofar as material to this review. Accordingly: We have for consideration three objects of testator's bounty and four or five eventualities. The primary objects of his bounty were two: his grandson, Clark Garrison, and the issue of said Clark; Clark Garrison, however, to the restricted extent of $1,000 of the annual income for life only, with his issue as primary beneficiaries over. The secondary objects of his bounty were the named alternative contingent beneficiaries. The eventualities involved embraced the life of Clark Garrison and the forfeiture provisions applying to him; the death of Clark Garrison with or without issue surviving; and if issue survive him, then their attaining or their failure to attain majority. At the time of the will Clark Garrison had no issue. Testator realized the $1,000 annual gift to him would not consume the anticipated income. Testator accordingly provided, in the event Clark Garrison died without lawful issue surviving, that "said entire trust fund remaining on hand at the time of his death, together with all accumulations thereon" be distributed to the alternative contingent beneficiaries. Thus testator expressly provided for the addition of the

surplus income to the corpus of the estate so long as the life beneficiary remained without issue. The wording is different in the event of Clark Garrison's death with issue surviving. In that event the trustee was directed to continue to hold "said fund" as trustee for his issue "until they shall severally attain their legal majority." The phrase "together with all accumulations thereon" is omitted from this eventuality and there is no expressed intention to deprive his issue of the income after attaining their majority. This is in accord insofar as the income is concerned with paragraph 5 of testator's will, which made a gift of $5,000 to a granddaughter and provided: "In case she shall not have arrived at the age of twenty-one at the time of my death, I direct that said sum shall be held in trust by her father, Arthur C. Garrison, as trustee without bond, and paid over to her, with the accumulated income thereon, when she shall become twenty-one years of age." The conclusion is permissible that testator was affirmatively expressing his intention when the income was to be withheld from the beneficiary and added to the corpus of the estate. The decree in Garrison v. Garrison (No. 115970-B, supra), awarded the $1,000 annual payment under the testamentary trust and now Sec. 570, R. S. 1939, to Clark Garrison, Jr., "until his majority, or his death prior to attaining his majority, or until other issue are born to" Clark Garrison; was to open up to permit of its payment ratably, in the event of the birth of other issue of Clark Garrison, "among all the living issue" of Clark Garrison; and proceeded on the theory said issue, upon coming into being, acquired a vested interest, which interest was subject to defeasance as in the testamentary trust provided. Additional circumstances exist. Clark Garrison's rights lapsed under the forfeiture provisions of the trust. Lane v. Garrison, supra. In that event testator specifically provided "and the beneficiary interest in said fund shall pass to such other persons as would take same in case of his decease, as above provided." "As above provided" contemplated that in the event of the death of Clark Garrison, his issue should have the primary right to the beneficiary interest. Clark Garrison, Jr., has attained his majority; and his father, the original life beneficiary, is living. In the event of the original life beneficiary's death, Clark Garrison, Jr., would have been entitled to receive his share of the trust estate upon attaining his majority. So, plaintiff qualified under the phrase "the beneficial interest in said fund shall pass to such other persons as would take same in case of his decease, as above provided." Only in other eventualities and subject to conditions precedent was the "trust fund on hand" (accumulations are not mentioned) to pass to the alternative contingent beneficiaries. Lane v. Garrison, supra. We conclude error is not established in the trial court's holding that Clark Garrison, Jr., was entitled to the annual net income after attaining his legal majority in the absence of any other living issue of Clark Garrison.

69 C. J. 782, Sec. 1884, in part, reads: "Under a will bequeathing certain property in trust for a named person, but not specifically disposing, or providing for the payment, of interest or income, the beneficiary named is entitled to the interest or income where an intention of the testator to this effect may be ascertained by construction of the will." Melvin v. Hoffman, 290 Mo. 464, 498, 235 S. W. 107, 116; Re Baechler's Will, 202 N. Y. S. 485, 491[6, 9], 121 Misc. 691, affirmed, 213 N. Y. S. 759, 215 App. Div. 797; Re Scott's Will, 204 N. Y. S. 478, 489[13]; Re McBurney, 49 Ont. L. R. 1.

**■** *Of attorney fees.* The trustees complain of allowances out of the trust estate for attorney fees on behalf of Clark Garrison, Jr., and on behalf of the alternative contingent beneficiaries. The issue presented is restricted to the propriety of any allowance whatsoever; the reasonableness of the amounts allowed is not questioned. Trautz v. Lemp, 334 Mo. 1085, 1095(II), 72 S. W. 2d 104, 108[4], the only authority relied on, does not establish error. The trustees' position falls with our affirmance of the trial court's holding of plaintiff's right to the income. The testamentary trust provisions permitted of a legitimate dispute as to the proper distribution of the income. The controversy was over its disposition in accord with the trust provisions and not the excising of the income from the trust estate. In these circumstances allowances for attorney fees have been considered proper. St. Louis v. McAllister, 302 Mo. 152, 158, 257 S. W. 425, 426; Kingston v. St. Louis Union Trs. Co., 348 Mo. 448, 458, 154 S. W. 2d 39, 43. See also the observations in Trautz v. Lemp, supra, l. c. 1094[1], and 107[1], respectively.

**■** *Of miscellaneous matters.* The brief on behalf of Clark Garrison, Jr., states, of **■** the decree entered nisi: "A decree was entered in the trial court, approved by all living parties beneficially interested in the trust estate, awarding to plaintiff Clark Garrison, Junior, the current income, and protecting fully the interests of all living parties and of all possible future born persons, in the corpus of the estate and in any income which might be currently payable to future born issue after birth, the tribunal having been provided for the prompt and convenient assertion of their rights." We think the decree should be redrafted to conform with this statement. Without going into detail and developing each instance wherein the decree (consisting of 31 paragraphs) should be modified in this respect, we have special reference to the portion of the decree found in paragraph 26 to the effect that the payments therein provided of the entire net income "shall continue so long as Clark Garrison shall survive." This is not in harmony with the quoted statement and seemingly precludes any possibility of right on the part of future born issue of Clark Garrison to participate in the income; as, for instance, Clark Garrison, Jr., participated during his minority.

74

■ Complaint is specially made of a portion of the decree which directs the payment by the trustees of one-third of the income to Clark Garrison. Clark Garrison, Jr., states he has no objection to redrafting this portion of the decree. The trial court objected to the decree directing the payment to Clark Garrison. We concur. Lane v. Garrison, 293 Mo. 530, 239 S. W. 813, held Clark Garrison had no claim to the trust estate, corpus or income. Private agreements between the parties should not be substituted for the directions of the testators in the decrees of the courts. The decree should be modified accordingly.

■ A paragraph of the decree is to the effect that should any future born issue of Clark Garrison assert a claim against the trustees to the income theretofore distributed under the instant decree, and the claim be sustained against said trustees "by a valid judgment," then the interests of Clark Garrison, Jr., and the alternative contingent beneficiaries in the trust estate "shall stand as indemnity" to the trustees et cetera. The trustees say: "The folly of this provision for the alleged protection of the trustees is obvious." The respondents make no contention to retain this paragraph of the decree. Let the decree be modified by striking the paragraph therefrom without prejudice to the rights of any one.

The judgment is reversed and the cause is remanded with directions to enter judgment and decree consistent with this opinion. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.