20755. McRAE *et al. v.* ATLANTA TITLE & TRUST
COMPANY *et al.*

DECIDED FEBRUARY 14, 1931.

*William G. McRae,* for plaintiffs.

*Tye, Thomson & Tye, Harold Hirsch, Marion Smith, M. E. Kilpatrick,* for defendants.

STEPHENS, J. Fulton County, Georgia, a corporation, and Mrs. Marjorie McRae, a citizen and taxpayer of the county, brought a suit in Fulton superior court against Atlanta Title and Trust Company, to recover an alleged indebtedness of $505,800 to the county as fees due by the defendant for making examinations and abstracts of the records in the office of the clerk of the superior court, and as rent for occupancy of the clerk's office by the employees of the defendant. The petition alleges that the plaintiff therein, Mrs. Marjorie McRae, has a right to bring this suit "jointly with Fulton County and all of the taxpayers of said county on her relation as a taxpayer of said county." On motion of the defendant the suit as to Fulton County was by order of court dismissed and the county stricken as a party plaintiff, upon the ground that Mr. William G. McRae, whose name was attached to the petition as attorney for the plaintiffs, "was not authorized by the Board of Commissioners of Fulton County to bring this suit in its name." To this order Mrs. McRae excepted in a bill of exceptions to which the County of Fulton is not a party plaintiff in error.

Whether the order dismissing the suit as to Fulton County is a final judgment as to Fulton County and one to which exceptions would lie directly to this court, it certainly is not final as to the other plaintiff, Mrs. McRae. While the result of the order in. striking Fulton County as a party plaintiff may have been harmful to Mrs. McRae as a plaintiff, and may have restricted or curtailed her right, if there was any, to a recovery under the petition as originally .brought either as a joint plaintiff

with Fulton County, or in her name alone, or in the name of Fulton County by her as a relator, the suit is still left standing in her name as plaintiff, with whatever rights she may have under the allegations in the petition with any permissible amendments thereto. Whether Mrs. McRae can, as a citizen and a taxpayer, maintain the suit in her own name for the benefit of the county, or whether, notwithstanding the striking of the county as a plaintiff, she can, without the consent of any of the county officials, amend the petition so as to sue in the name of the county by her as a relator, or otherwise, is a question which is not now presented for determination, and is not passed upon.

As against Mrs. McRae, the order of dismissal of the County of Fulton as a plaintiff, which is excepted to by her in the bill of exceptions, is not a final judgment, and is not one which for any reason is directly reviewable on bill of exceptions in this court. The bill of exceptions of Mrs. McRae was therefore prematurely brought, and the writ of error must be dismissed.

Direction is hereby given that the copy of the bill of exceptions on file in the office of the clerk of the superior court be treated as exceptions pendente lite. Civil Code (1910), §§ 6203, 6205.

*Writ of error dismissed, with direction. Jenkins, P. J., and Bell, J., concur.*