## No. 71.—TOWNSEND AND BROTHERS, plaintiffs in error, vs. JAMES M. DAVIS, defendant in error.

It is a general rule, that no person can bring a writ of error to reverse a judgment, who was not a party, or privy to the record, or prejudiced by the judgment.

Whether a plaintiff in error be a party, or privy, or is aggrieved by the judgment, must appear by the record.

The defendant in error had sued out an attachment against John B. Davis, predicated upon a note due the Central Bank of Georgia, of which the said John B. Davis was maker, and the defendant in error the last endorser ; the said John B. Davis having moved out of the State, and the defendant in error having been sued as said last endorser, and judgment rendered against him.

The case founded upon this attachmant came on to be tried on the appeal before Judge Floyd, in the Superior Court of Houston County, at April Term, 1846, when counsel for the plaintiffs in error, Townsend and Brothers, being attaching creditors of said John B. Davis, whose attachment was junior in point of time to the attachment sued out by the defendant in error, were, at their request, permitted by the court below to appear as *amici curiæ* in defence of said John B. Davis who himself had not appeared, nor had any replevy been made so as to authorize any defence in his name.

The counsel for Townsend and Brothers, so permitted as aforesaid to appear as *amici curia*, proceeded on the trial to make various points, and to take several exceptions to the attachment in said case, all of which were overruled by the court below. Whereupon the said counsel as *amici curiæ* excepted, and assigned error in the decisions of the court below, in overruling the several points made by them.

The points decided by the court, and the grounds of error are omitted, as they were not adjudicated by the Supreme Court.

The counsel for the defendant in error joined issue upon the assignment of error with a *protestando*, reserving the right to move to dismiss the writ of error, on the ground that the plaintiffs in error were not parties to the record, nor affected by the judgment rendered in the court below, and that the counsel for the plaintiffs in error, as *amici curiæ*, had no right to except to the judgment of the court below, nor to sue out any writ of error in the premises.

AMOS W. HAMMOND and WILLIAM W. ARNOLD, for the plaintiffs in error.

SAMUEL D. KILLEN, for the defendant in error.

*By the Court*—NISBET, Judge.

Upon the trial of this attachment below, Messrs. Hammond and Arnold, who were counsel for Townsend and Brothers, being also attaching creditors of John B. Davis, were permitted to appear as *amici curiæ* in defence of John B. Davis. As friends of the court, they took a number of

exceptions to the attachment first sued out by the defendant in error, James M. Davis. These exceptions were overruled. Whereupon Townsend and Brothers, designating themselves as *amici curiæ*, brought this writ of error. The motion now is, by counsel for defendant in error, to dismiss the writ upon the ground that Townsend and Brothers were no parties to the proceeding below, and do not appear by the record to be in any manner affected by the judgment. The fact, that the court consented to take the counsel of Messrs. Hammond and Arnold in the case, who were the attorneys for the plaintiffs in error in another cause, does not give them the right to bring this writ.

It is a general rule, that no person can bring a writ of error to reverse a judgment, who was not a party, or privy to the record, or prejudiced by the judgment.—6 *Wheaton*, 260 ; *Tidd's Practice*, 1135 ; 2 *Bacon's Abr.* 195 ; 2 *Williams' Saunders*, 5th edit. 46 a, (6) 101 e.

Whether the plaintiff in error be a party or privy, or is aggrieved by the judgment, must appear by the record. A court for the correction of errors cannot, at common law, hear evidence to determine whether a party seeking a reversal, is aggrieved by the judgment. Its commission is to examine the record upon which judgment was given, and upon such examination, to reverse or affirm it.—*Tidd*, 1134 ; 1 *Stra.* 607 ; 2 *Lord Ray.* 1403 ; 2 *Bac. Ab.* 187 ; 6 *Whea.* 264. If this question was not settled thus at common law, the act of the legislature organizing this court is conclusive upon it. In the fourth section of that act, it is declared, " that said Supreme Court shall hear and determine upon matters contained in the transcript of the record of the cause, and not otherwise." The plaintiffs in error, upon opening this record, do not appear to be parties, or privies, or in any way aggrieved by the judgment.

The motion is sustained, and the writ of error dismissed.