BRASWELL, adm'r, v. EQUITABLE MORTGAGE CO.

This court will not pass upon a question made in a bill of exceptions, when it affirmatively appears that the plaintiff in error, an administrator, has no interest at all in its determination, and that neither he, nor the estate he represents, will be in any manner affected by a decision thereon one way or the other; and when such bill of exceptions presents no other question, the writ of error will be dismissed.

Argued February 2,—Decided February 28, 1900.

Exceptions to auditor's report. Before Judge Candler. DeKalb superior court. January 2, 1899.

*W. W. Braswell,* for plaintiff.
*Payne & Tye* and *Candler & Thomson,* for defendant.

LITTLE, J. Braswell, as administrator of Brown, filed an equitable petition, making Mrs. Brown, widow of the intestate, Mrs. Fannie I. Brown, Mayson, and the Equitable Mortgage Company defendants, and alleging that his intestate, at the time of his death, was possessed of a certain tract of land in De-Kalb county, containing one hundred and twelve acres, and no personal estate; that he obtained an order from the ordinary to sell said land, and in November, 1894, in pursuance of law, he sold the same to Almand & George for the sum of sixteen hundred and ten dollars at administrator's sale; that the sale was made for one-half cash, and the balance became due one year after the sale; that the purchasers complied with the terms of the sale, and he executed to them his bond for titles in accordance therewith; that the Equitable Mortgage Company claims to hold a deed of conveyance to said property, executed by his intestate in his lifetime, to secure the payment of a loan of twelve hundred dollars; that the loan was made at an usurious rate of interest, and the deed so made by his intestate is void. He alleges that the widow has made an application for the allowance of a year's support out of the estate; that Mrs. Fannie Brown is a creditor of the estate; that Mayson is also a creditor for medical attention rendered the deceased in his last illness; that the estate is insolvent, and that all the creditors are about to bring suit against him. He prays that the Equitable Mortgage Company be required to surrender the deed which it holds,

and that the same be canceled, that the creditors be enjoined from instituting common-law suits against him, and that the court will direct him as to the proper distribution of the funds in his hands arising from the sale of the land and such as he may collect as the balance of the purchase-price. The Equitable Mortgage Company answered, setting up its contract with the intestate, and denying usury. The case was referred to an auditor, who reported that the deed to the Equitable Mortgage Company, made to secure a loan by the intestate, was not usurious, and that the company was entitled to a judgment for the amount of its note, besides interest, attorney's fees, and cost, which should be a special lien on the land described. The auditor further found that Mrs. Susan Brown, widow, was entitled first to be paid the amount of a year's support set aside to her; that, after the allowance for the year's support and paying all costs of the case, the expenses of the administration, including attorney's fees, should be paid; then the claim of Mrs. Fannie Brown; and then any other balance which remained should be paid to the Equitable Mortgage Company. To this finding of the auditor the administrator filed certain exceptions of law and fact, these exceptions being directed to so much of the report of the auditor as held the deed of the Equitable Mortgage Company to be valid and free from usury. When the case came on to be heard, the exceptions of law were stricken, and the exceptions of fact disapproved by the judge, and the auditor's report was made the decree of the court. The administrator excepted to the judgment disapproving the exceptions of fact, and on this exception the case is now to be determined. It will be noted that the administrator made no question on the report of the auditor as to the allowance of the year's support to the widow, nor to the payment of the debt due to Mrs. Fannie Brown, nor to any other of the allowances made in the report, except to that part of it which declares the debt of the Equitable Mortgage Company to be free from usury, and the deed made to secure the same a valid conveyance. Consequently no question is presented for consideration except that which involves the validity of the deed held by the Equitable Mortgage Company.

A motion was made, on the call of the case here, to dismiss the writ of error, because certain of the defendants below were not made parties to the bill of exceptions. As, however, the writ of error must be dismissed on another ground, we do not pass upon the grounds made in that motion to dismiss. We are wholly unable to ascertain, under the facts disclosed by the record, what concern the administrator has in the questions whether the deed held by the Equitable Mortgage Company is valid or not, and whether the debt which the conveyance was made to secure was or was not usurious; or what difference it made to the estate whether the agent of the Equitable Mortgage Company was instrumental in bringing the land to sale; nor can we perceive that the estate which he represents, in any event, has an interest in the determination of these questions. When the land which constituted the estate of his intestate came into the hands of the administrator, it was encumbered with this conveyance as security for a loan, and when the administrator, under proper order, advertised and sold the land, that sale was, of course, made subject to any encumbrance which then existed, and the purchaser took only the interest which the estate of the intestate had therein, and under such sale all the interest of the intestate passed to the purchasers. So that, whether the debt which the deed was made to secure was usurious or not, does not concern the administrator of the estate. *Scott* v. *Williams,* 100 *Ga.* 540. The validity of the conveyance held by the Equitable Mortgage Company might probably be a material question affecting the rights of the purchasers, Almand & George, but in no event, as we understand the facts of the case, can it be made a question between the administrator and the company after the sale of the land, because the administrator had no further interest in it. Suppose it were adjudicated that the contract between the intestate and the company was usurious, no benefit could accrue therefrom to the estate of Brown. On the other hand, if it were adjudicated that the conveyance made to the company was valid, no injury would be suffered by the estate. In either of these events, the purchasers of the land would be the only ones who could, under the allegations in the petition, derive any benefit from the adjudication; and they

would not be bound, because they are not parties to this proceeding. Having, therefore, no interest in the only question made by his bill of exceptions, it would be wholly unavailing to entertain and pass upon it at the instance of the administrator.

In the case of *Brown* v. *State*, 66 *Ga.* 76, this court held that: "When a plaintiff in error brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party." And when it appeared that the complainant would not have been hurt by the action which he sought to prevent, it was held in the case of *Reid* v. *Eatonton*, 80 *Ga.* 755, that he could not maintain the petition which he presented. As a. general rule, no one can be a party to an action if he has no interest in the cause of action; and in order for a plaintiff in error to succeed in this court, he must show, not only error, but injury. See *White* v. *Haslett*, 49 *Ga.* 262; *Brown* v. *Atlanta*, 66 *Ga.* 76; *Hicks* v. *Cohen*, 72 *Ga.* 210; *Henderson* v. *Francis*, 75 *Ga.* 178. As was said in the case of *Collier Co.* v. *Murphey*, 108 *Ga.* 777, in order to reverse a judgment, two things—error and injury—must affirmatively appear; and regardless of the question whether any error was committed, it does not appear that the estate of Brown had any interest in the question raised. Without, therefore, passing on the question made in the record, the writ of error must be

<em>Dismissed. All the Justices concurring.</em>