Penland, guardian, *v.* Jackson, administratrix *et al.*

Russell, C. J. Knight filed his petition for interpleader against Alice Jackson as administratrix of Mary Knight, and Kate Penland as guardian of Marvin Penland, both of whom claimed certain funds in his hands. On presentation of the petition the judge passed an order calling upon the defendants to show cause why the relief sought in the petition should not be granted to the petitioner. To this petition the administratrix demurred, and the guardian answered. In her answer the guardian alleged that her ward was entitled to the fund in question, it having been given to him by the intestate of the administratrix in her lifetime, by placing the same with the petitioner in trust for her said ward and to be delivered to him when he reached his majority, or to be delivered to his guardian for him as soon as one should qualify. She prayed that an order be granted allowing said petition of interpleader, and that upon the trial she have judgment awarding to her for the use of her ward said fund. The trial judge passed no order directing an interpleader between the defendants. The court sustained the

demurrer of the administratrix, and dismissed the petition. To this judgment the plaintiff excepted, and brought the case to this court, which affirmed the judgment of the court below. *Knight* v. *Jackson,* 156 *Ga.* 165 (118 S. E. 661). The guardian sued out a separate bill of exceptions to the judgment sustaining the demurrer of her codefendant to said petition; and the case now comes before this court on the errors assigned in her bill of exceptions. The administratrix and the petitioner are the defendants in the present bill of exceptions; and the administratrix makes a motion to dismiss the writ of error, on the ground that the guardian could not sue out a bill of exceptions to review the judgment of the court sustaining the demurrer to the petition. *Held,* that the bill of exceptions must be dismissed, the guardian having no right to a writ of error to the sustaining of the demurrer of her codefendant, and there being no ruling denying any of the rights asserted by her in behalf of her ward. *Hudson* v. *Hudson,* 84 *Ga.* 611 (10 S. E. 1098). The case just cited is not an authority for the proposition that the filing of an answer by a codefendant in interpleader proceedings gives to such defendant the right to review by writ of error the judgment sustaining a demurrer filed by her codefendant to the petition.

*Writ of error dismissed. All the Justices concur.*

No. 3642.   FEBRUARY 16, 1924.

Petition for interpleader. Before Judge Dickerson. Lanier superior court. January 10, 1923.

*W. D. Buie,* for plaintiff.

*E. K. Wilcox* and *J. D. Lovett,* for defendants.