## 16235.   DILLIN *v.* UNITED ROOFING & SUPPLY COMPANY *et al.*

1. Where, after a judgment in the municipal court of Atlanta, one of two defendants in the action, on carrying the case by certiorari to the superior court, gave bond payable only to the plaintiff, the other defendant was not a party to the certiorari and the superior court properly refused to sustain the certiorari merely to correct an error relating only to a contention between the petitioner in certiorari and the other defendant.

2. One who was not a party to the certiorari proceeding is not a proper party to a bill of exceptions complaining of a judgment therein and should not be made a party to the bill of exceptions even upon his own application.

3. In order to obtain in this court a reversal of a judgment, the burden is upon the plaintiff in error to show both error and injury. It does not appear in the instant case that the judgment excepted to hurt the plaintiff in error.

DECIDED SEPTEMBER 9, 1925.

Certiorari; from Fulton superior court — Judge Humphries. December 1, 1924.

*George Westmoreland, W. S. Dillon, W. J. Davis Jr.,* for plaintiff in error.

*Stephens Mitchell, Augustin Sams,* contra.

BELL, J. United Roofing & Supply Company brought suit in the municipal court of Atlanta against H. W. Dillin, as contractor, and H. H. White, as owner, for the purpose of procuring a personal judgment against Dillin and of foreclosing a materialman's lien on certain real estate belonging to White, to improve which the material had been furnished to Dillin in the erection of a dwelling house. Dillin answered that he procured the materials as agent, and that the liability was White's. White pleaded that the material had been purchased by Dillin as contractor, and that for certain reasons, which need not be here stated, the plaintiff was not entitled to a lien against the realty. It seems that each of the defendants was perfectly willing for the plaintiff to have relief against the other, but denied the plaintiff's right as against himself. The trial resulted in a personal judgment against Dillin, the alleged contractor, without any lien against the realty. Dillin filed a petition for certiorari in which the following were the assignments of error: "Petitioner avers that said court erred in entering up a judgment as aforesaid; that the plaintiff in said case should have been awarded a judgment against said H. H. White as owner of the property as well as against your petitioner. The evidence in said case showed that there was certain extra work in connection with said original contract which was authorized by the owner; that there was an agreement by the owner to pay said extra work and that said owner had failed to pay for the extra work; that the extra work in question as a matter of law was fully within the contract, and the lien of the subcontractor attaches to the money due for such additional work as completely as to the work done under the specifications in the contract and that the United Roofing & Supply Company in this case should

have a lien against said property in the amount sued for, and that the court erred in its failure to so hold."

The certiorari bond was payable only to the United Roofing & Supply Company. The certiorari was overruled or dismissed, and Dillin excepted. The bill of exceptions having been only against United Roofing & Supply Company, White made application to the court to be made a party thereto, waiving service and agreeing that the case might be heard. The record is somewhat voluminous, but, in the view we take of the case, the above is a sufficient statement.

1. The plaintiff materialman sought a personal judgment against the alleged contractor, and also a lien against the real estate improved. He got only the personal judgment, but appears to be satisfied. The alleged contractor is the only party who is displeased with the judgment, and his dissatisfaction is solely because the plaintiff did not obtain the relief sought against the other defendant. He takes the position that the failure of the judgment to set up a lien in the plaintiff's favor against the property is an adjudication against his contention, made in the trial court, that the original contract for the erection of the building was enlarged so as to include certain extras or additions, and that the price originally agreed upon between him and the owner for its erection was increased accordingly. Whether the contractor could use the materialman's action for the purpose of setting up such a contention between him and the owner, it would seem that if he might do so at all, the owner would be a necessary party to all proceedings in which such contention was made. The bond accompanying the petition for certiorari was payable only to the United Roofing & Supply Company. The statute requires that it shall be payable to the adverse party. Civil Code (1910), § 5185. The fact that White was not included as one of the obligees was a sufficient, if not a compelling, reason for the refusal of the superior court to render any judgment on the certiorari affecting his interests. Indeed, because of this failure to make White a party to the bond, he was not a party to the certiorari. As to him the proceedings were void. *Camp* v. *Bacon Fruit Co.,* 117 *Ga.* 149 (43 S. E. 425) ; *Hawkes Co.* v. *Cowart Co.,* 21 *Ga. App.* 397 (2) (94 S. E. 643) ; *Cole* v. *Thurman,* 119 *Ga.* 55 (45 S. E. 718).

2. Since White was not a party to the judgment on the cer-

tiorari, he is not a proper party in this court to the bill of exceptions. *Chason* v. *Anderson,* 119 *Ga.* 495 (1) (46 S. E. 629); *Armistead* v. *Beavers,* 32 *Ga. App.* 464 (2) (124 S. E. 61). Although he has applied to be made a party, if the application should be granted and if we should then consider the case for the purpose of reviewing the judgment excepted to as between him and Dillin, we would be dealing with a case entirely different from that which was before the superior court, whose judgment, as we have said above, was entirely proper because of the absence of White in that court as a party to the certiorari. The application is therefore denied.

3. An affirmance of the judgment would necessarily result from what has been said above, without more. But even assuming that White was a party to the certiorari, and that his application to be made a party to the bill of exceptions should be granted, the judgment of this court would not be different. Without stopping to decide whether Dillin might have been able, in the nature of the proceeding, to show prejudice to himself by the refusal of the trial court to set up a lien in the materialman's favor against the realty, we are clearly of the opinion that he has not done so. "In order to obtain in this court a reversal of a judgment of which complaint is made, the burden is upon the plaintiff in error to show not only error but injury." *First National Bank of Chattanooga* v. *American Sugar Refining Co.,* 120 *Ga.* 717 (1) (48 S. E. 326). The assignments of error in the petition for certiorari, even if sufficient to present a question for decision, go no further than to allege that the judgment ought to have granted more to the materialman. It is not shown that the judgment, in failing to establish a lien in the plaintiff's favor upon the property of White, was in any sense adverse to Dillin. "It is not the privilege of a party to an action to except to the judgment therein rendered, unless he is, either as an individual or in a representative capacity, aggrieved thereby; and no one is, in a legal sense, aggrieved by a judgment which does not prejudicially affect his rights of property or pecuniary interests, or those of others for whom he is, relatively to the suit in which the judgment is rendered, the duly constituted representative." *Lamar* v. *Lamar,* 118 *Ga.* 684 (1) (45 S. E. 498). Also, in this connection, see *Townsend* v. *Davis,* 1 *Ga.* 495 (44 Am. Dec. 675); *O'Halloran* v. *O'Halloran,* 49 *Ga.* 301;

*Braswell* v. *Equitable Mortgage Co.,* 110 *Ga.* 30 (35 S. E. 322);
*Collier* v. *Hyatt,* 110 *Ga.* 317 (1) (35 S. E. 271); *Johnston* v.
*Coney,* 120 *Ga.* 767 (4) (48 S. E. 373); *Douglas* v. *Trust Co.,*
147 *Ga.* 724 (95 S. E. 219); *Penland* v. *Jackson,* 157 *Ga.* 569
(122 S. E. 44). Nothing said herein is to be construed as adjudi-
cating the rights of White and Dillin; and whether they have been
adjudicated by the judgment of the superior court or of the
municipal court is not for decision under the present record. In
any possible view of the case the superior court was right in dis-
missing the certiorari.

    *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*