BRYAN, administrator, *v.* ROWLAND, administrator, *et al.;*
*et vice versa.*

1. "No person shall be considered as interested in the litigation in the
   Supreme Court who will not be affected by the judgment to be rendered
   in that particular case, such as  .  .  a complainant in a bill of inter-
   pleader, and other parties occupying similar positions."   Where a bill
   is brought by the administrator of the estate of a decedent, praying for
   direction as to the distribution of funds belonging to such estate, and
   "where all the persons interested in bringing about a proper distribu-
   tion of the assets of [the] estate are before the court, either in person
   or through representatives other than the executor [or administrator]
   himself, he is under no duty, and therefore it is not his privilege, to

bring under review the correctness of the decree entered, in so far as it affects the interests of other parties to the litigation who are satisfied with the result thereof."

2. Under the principles just announced, the writ of error in this case must be dismissed on motion of the defendant in error.

Nos. 6365, 6421. August 16, 1928.

Equitable petition. Before Judge Camp. Johnson superior court. October 22, 1927.

*A. L. Hatcher, H. T. Hicks,* and *Claxton & Cook,* for plaintiff. *J. Roy Rowland,* for defendants.

Russell, C. J. This case involves the distribution of approximately $10,000 arising from a war-risk insurance policy upon the life of Medford Broxton, a negro soldier who died in the service in France in 1918, and complaints regarding the allowance by the court of something over $2000 of the funds as attorney's fees and other expenses alleged to have been necessary in bringing the fund into court. The policy of insurance was not introduced in the trial, and is not in the record. It seems to be conceded that the beneficiary of the policy was Sarah C. Rouse, to whom several installments upon the policy were paid by the Federal Government prior to her death. She died on November 25, 1919. She was the maternal grandmother of Medford Broxton. After her death, on September 7, 1923, J. Roy Rowland was appointed and qualified as permanent administrator of her estate. R. B. Bryan obtained letters of administration of the estate of Medford Broxton, and on February 28, 1927, Bryan filed a petition setting up that Medford Broxton died intestate, leaving an estate of $9194.80 in cash, the proceeds from the insurance policy referred to; that petitioner as administrator has in hand that cash ready for distribution to the heirs at law, there being no indebtedness; that William Rouse is demanding the estate to the exclusion of all other parties, claiming to be the foster-father and only heir at law of Medford Broxton; that Peggy Broxton is claiming she is an aunt of Medford Broxton and entitled to the proceeds of the policy as his sole heir; that, so far as the administrator knows, Medford Broxton had no living father or mother, sister or brother, wife or child, or any relative closer than the foster-father and aunt above mentioned. Bryan as administrator asked for direction as to the distribution of the estate and for an order requiring William Rouse and Peggy Broxton, and others who may claim an interest as heirs at law in said estate, to

file their interventions setting up their various claims; that the court determine the persons entitled to said estate; and that just and reasonable compensation be awarded for petitioner's counsel employed to bring suit.

J. Roy Rowland, administrator of the estate of Sarah C. Rouse, filed his intervention. He denied that the proceeds of said policy were payable to Medford Broxton. He alleged that Sarah C. Rouse was the beneficiary; that she collected the installments due as benefits until her death on November 25, 1919; that Peggy Broxton collected $287 upon the policy from the Bureau of War Risk Insurance after the death of Sarah C. Rouse; and that under the law an award was made to intervenor as administrator of the estate of Sarah C. Rouse on September 29, 1924, by the Bureau of War Risk Insurance. He prayed that the court direct Bryan, administrator, to pay to him the fund in question, after paying all legitimate charges; and that Peggy Broxton be required to pay to him all moneys collected by her as a part of such insurance.

Upon the introduction of evidence the court directed a verdict in favor of Rowland as administrator. Bryan as administrator excepted to that ruling, and to the refusal of a new trial, assigning as error that the court erred in overruling his motion to dismiss and disallow the intervention of Rowland, upon the ground that on intervening he admitted the rights of Bryan to the fund in question; that his petition for intervention showed that Sarah C. Rouse was dead, and that she or her administrator had no interest in said fund; that the questions presented in the intervention were moot, and the intervention failed to show any right of recovery. Rowland as administrator filed a cross-bill of exceptions to the court's allowing H. T. Hicks and A. L. Hatcher $873.50 from the proceeds of the policy as attorney's fees for the plaintiff to bring his suit, for the reason that Bryan as administrator brought this suit for his own protection, and the allowance for attorney's fees was contrary to law. He excepted also to that portion of the decree allowing H. T. Hicks the sum of $919.48 as attorney's fees, for the reason that he was no party to the suit, and the allowance was contrary to law and to the evidence. Each party filed a motion to dismiss the writ of error of the other.

In the motion to dismiss Bryan's main bill of exceptions it is asserted that the petition was filed for direction, and all parties ap-

peared through representatives other than Bryan, who brought them into court to answer the petition; that the decree granted all the relief prayed by Bryan as administrator of the estate of Medford Broxton; that his commission, costs, and attorney's fees were allowed him, and the decree rendered did not prejudicially affect his rights of property or pecuniary interest, nor did it affect him in his representative capacity, because all persons interested in bringing about the proper distribution of the estate were before the court and are satisfied with the result. The motion to dismiss the cross-bill of exceptions is based upon the grounds that the cross-bill is based upon a separate and distinct hearing on the independent application of H. T. Hicks for compensation out of the funds in the hands of R. B. Bryan as administrator, upon which application oral testimony was submitted to the court and a separate and distinct judgment was had thereon, and no approved brief of said evidence was ever filed nor is the same a part of the record before this court, and the Supreme Court can not intelligently pass upon the questions involved, as the record does not show what transpired in the court below; that upon said independent hearing on the application of H. T. Hicks for compensation, after evidence was introduced thereon, a separate and distinct judgment was entered allowing said H. T. Hicks compensation out of the fund in the hands of Bryan, as administrator, which judgment is set forth in the motion to dismiss; that since no copy of the judgment and decree or any approved brief of evidence upon which the same is based has been filed and made a part of the record and none transmitted to the Supreme Court, the cross-bill of exceptions should be dismissed, because this court can not intelligently pass upon the merits of the alleged exceptions; and that Rowland, administrator, failed to file any motion for new trial or proper exception to the judgment and decree in terms of law within the time provided by law.

Considering the main bill of exceptions, it is plain that the petition filed by Bryan as administrator can not be properly construed otherwise than as a petition for interpleader, asking that the parties at interest named by him or any other parties having any interest in said estate be brought into court, and that he, occupying the fiduciary relationship as administrator, be directed by the court as to the proper distribution of the funds in his hands. It is provided in section 6176 of the Code: "When the record shows clearly who

were the parties to the litigation in the court below, and the bill of exceptions shows that all who were interested in sustaining the judgment of the court below have been served, the writ of error shall not be dismissed because the bill of exceptions sets forth the parties differently from the record, or discloses that some party not interested in sustaining the judgment of the court below has not been served. No party shall be considered as interested in the litigation in the Supreme Court who will not be affected by the judgment to be rendered in that particular case, such as sheriffs upon a money rule when the contest is between various claimants of the fund and not between the sheriff and any one of them, or a receiver occupying a similar relation, or a complainant in a bill of interpleader, and other parties occupying similar positions." Therefore the petitioner as administrator has no personal interest in the distribution of this fund. His duty is performed when he sees that provision is made for its distribution according to law. He has the right to his commissions as administrator. In this case it appears that the decree provides not only for his lawful commissions as administrator upon the entire fund which he is directed to pay to the administrator of the estate of Sarah C. Rouse, but that in addition the court allowed $919.80 as attorney's fees for H. T. Hicks, the attorney who secured the award from the Bureau of War Risk Insurance into Georgia and finally before the court, as well as $873.50 to Messrs. Hatcher and Brinson as attorneys for filing the bill of interpleader asking for direction. So we are of the opinion that the plaintiff in error in this case, having no right either individually or in his representative capacity to complain, had no right to file the present bill of exceptions.

Our ruling is controlled by the decision in *Lamar* v. *Lamar,* 118 *Ga.* 684 (45 S. E. 498), in which it was held: "1. It is not the privilege of a party to an action to except to the judgment therein rendered, unless he is, either as an individual or in a representative capacity, aggrieved thereby; and no one is, in a legal sense, aggrieved by a judgment which does not prejudicially affect his rights of property or pecuniary interests, or those of others for whom he is, relatively to the suit in which that judgment is rendered, the duly constituted representative. 2. An executor has an undoubted right to except to a decree whereby he is deprived of commissions to which he is legally entitled; but where all the persons

interested in bringing about a proper distribution of the assets of an estate are before the court, either in person or through representatives other than the executor himself, he is under no duty, and therefore it is not his privilege, to bring under review the correctness of the decree entered, in so far as it affects the interests of other parties to the litigation who are satisfied with the result thereof." The plaintiff in error in the present case names William Rouse, the foster-father, and Peggy Broxton, a maternal aunt, of the deceased, as his only heirs at law. They were parties in the court below. They were represented by "representatives other than the administrator himself." They have filed no exceptions, and therefore, to use the language of Mr. Presiding Justice Fish in the *Lamar* case, the plaintiff in error "is under no duty, and therefore it is not his privilege, to bring under review the correctness of the decree entered" in the present case. The true law upon this subject is so well stated in the *Lamar* case, and so closely fits the situation in the case at bar, that we repeat it. "It has, we believe, ever been the law, both in this State and in other jurisdictions, that a party not aggrieved by the judgment of a trial court is without legal right to except thereto, since he has no just cause of complaint. See *Townsend* v. *Davis,* 1 *Ga.* 495 [44 Am. D. 675]; *O'Halloran* v. *O'Halloran,* 49 *Ga.* 301; *Brown* v. *Atlanta,* 66 *Ga.* 76; *Braswell* v. *Equitable Mortgage Co.,* 110 *Ga.* 30 [35 S. E. 322]; *Collier* v. *Hyatt,* Id. 317 [35 S. E. 271]; *Orr* v. *Webb,* 112 *Ga.* 810 [38 S. E. 98], and cases cited; 2 Tidd's Prac. *1135; 3 Bac. Abr. 330; 2 Enc. Pl. & Pr. 160, 161, 170. 'In legal acceptation, a party is aggrieved by a judgment or decree when it operates on his rights of property, or bears directly upon his interest.' 2 Cyc. 633, and citations. As was pertinently remarked by Chief Justice Jackson in *Brown's* case, supra; 'When a plaintiff in error brings a case here, he must show error which has hurt him. This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining party.'" See also *Penland* v. *Jackson,* 157 *Ga.* 569 (122 S. E. 44). And it may be said that in any case where one brings an equitable petition reciting that his interest in an estate is that of an administrator, and asks the court for direction with a view to distributing the estate, alleging that there are no debts against the estate, and naming the distributees so far as known to

him, and where his purpose as stated is to obtain a decree settling any controversy as to the distribution of the fund in his hands in his representative capacity, it is clear that he has no individual interest in the result of the proceeding, except for commissions and necessary expenses as administrator. Since by the decree rendered in this case the plaintiff in error received both of these in full and the other parties to the suit are not complaining, the plaintiff in error has no right to complain.

It is argued in the brief that notwithstanding the facts above recited the administrator has an interest in the protection of the lawful heirs of his intestate. We can not concur in this view. He filed this petition for his own protection, and the judgment of the court, unexcepted to by any other than himself so far as this record discloses, affords him full protection. If there appeared in the record any suggestion that there were other beneficiaries than those named in the petition, the case might be different; but under the evidence in this case there is no suggestion that there are any possible beneficiaries other than the foster-father and aunt, and, as we have said, neither of them makes any complaint of the decree which was rendered. Under the procedure heretofore adopted by this court from the case of *Townsend* v. *Davis* to that of *Penland* v. *Jackson,* supra, the motion to dismiss the writ of error must be sustained.

The cross-bill of exceptions filed by Rowland, as administrator, against Bryan, as administrator, complains of the refusal of the trial court to strike an intervention seeking attorney's fees, as well as that portion of a bill of interpleader seeking an allowance of counsel fees for filing such bill, and upon the ruling of the court allowing the attorney's fees as prayed. Rowland, administrator, was the prevailing party in the suit. A cross-bill of exceptions is a remedy provided for the successful party in the trial court to have reviewed rulings made against him during the trial, in the event the unsuccessful party in the trial court succeeds in obtaining a judgment in the Supreme Court which leaves the case to be tried again in the trial court. Since, under the judgment rendered in the main bill of exceptions in this case, by which the writ of error is dismissed, there will be no retrial, the cross-bill, under the general rule, will be also dismissed.

*Writs of error dismissed. All the Justices concur.*