34771.   H. W. BROWN TRANSPORTATION CO., INC., *et al.*
v. MORRISON, by next friend.

DECIDED OCTOBER 24, 1953—REHEARING DENIED NOVEMBER 7, 1953.

*Kennedy & Sognier,* for plaintiffs in error.

*Myrick & Myrick,* contra.

SUTTON, C. J. (After stating the foregoing facts.) ▪ The

motion by the defendant in error to dismiss the bill of exceptions because John N. Hoff, Inc., and its insurance carrier were not made parties to the bill of exceptions is without merit. Both of these parties had been stricken by the plaintiff as defendants; the exception to that action has been abandoned; and they are not necessary parties to the bill of exceptions. *Salter* v. *Heys*, 207 *Ga.* 591 (63 S. E. 2d 376). The motion to dismiss is denied.

■ This tort action as originally filed was against four defendants, as shown by the above statement. The plaintiff voluntarily struck two of these parties from the suit. "When two or more persons shall be sued in the same action, either on a contract or for a tort, the plaintiff may amend his petition by striking out one or more of such defendants, and proceed against the remaining defendant or defendants, if there shall be no other legal difficulty in the case." Code § 81-1306. Joint tortfeasors may be sued jointly or severally, and where the plaintiff sues more than one such defendant, he may amend by striking some of them as defendants without affecting his rights as to the other defendants. *City of Atlanta* v. *Harris*, 52 *Ga. App.* 56, 57 (2) (182 S. E. 202); *Black* v. *Davidson*, 65 *Ga. App.* 780 (16 S. E. 2d 525); *Atlanta Coca-Cola Bottling Co.* v. *Dean*, 43 *Ga. App.* 682 (160 S. E. 105). Accordingly, where the plaintiff struck John N. Hoff, Inc., and its insurance carrier as defendants in this suit—which, we hold, he had a right to do—the plea in abatement on this account, filed by the other two defendants, H. W. Brown Transportation Co., Inc., and American Fidelity & Casualty Co., Inc., was without merit, and the trial judge did not err in overruling and dismissing such plea. See the Code section and authorities above cited, and also see *Council* v. *Nunn*, 41 *Ga. App.* 407 (153 S. E. 234); *Wall* v. *Wall*, 176 *Ga.* 757 (168 S. E. 893); *Mashburn* v. *Dannenburg Co.*, 117 *Ga.* 567 (44 S. E. 97). The case of *Mott* v. *Hall, Moses & Co.*, 41 *Ga.* 117, cited by the plaintiffs in error, was a suit on a joint note, and is not applicable or controlling in the present tort action.

■ The two amendments to the petition were not subject to the objections interposed thereto, as now insisted upon, and the court did not err in allowing the amendments over such objections.

■ The petition as amended set out a cause of action against

H. W. Brown Transportation Co., Inc., and its insurance carrier, American Fidelity & Casualty Company, Inc., and the court did not err in overruling the general demurrer to the petition. The defendants' special demurrers to the petition as amended are set out in the above statement of facts, and need not be referred to again in detail. We have carefully considered these demurrers, and we are of the opinion, and so hold, that they are without merit, and that the court did not err in overruling the same.

*Judgment affirmed. Felton and Quillian, JJ., concur.*