35328. H. W. BROWN TRANSPORTATION COMPANY, INC., *et al. v.* EDGEWORTH *et al.*

DECIDED OCTOBER 1, 1954.

*Kennedy & Sognier,* for plaintiffs in error.

*Leon L. Polstein, Brannen, Clark & Hester, Wm. A. Wells, Jr., George E. Oliver,* contra.

GARDNER, P. J. This is a case in which one alleged joint tortfeasor and the insurance carrier are seeking to compel the other tortfeasor to remain in the case. *Townsend* v. *Davis,* 1 *Ga.* 495 (44 Am. D. 675), sets forth the proposition that a party not aggrieved is without a legal right to except to this court. See, in this connection, *Moore* v. *Harrison,* 202 *Ga.* 814 (44 S. E. 2d 551) and *Johnson* v. *Motor Contract Co.,* 186 *Ga.* 466 (198 S. E. 59). In order to understand correctly and clearly the contentions that the defendants have no interest in the trial court's order on the plea of the jurisdiction, it must be remembered that the defendants in this case were only sued jointly, but the cause of action is several. The action in the instant case is not based on a joint cause of action. We think it is fundamental law that

the plaintiff Edgeworth had a choice of suing the defendants in the instant case either jointly in one suit or separately in two suits. Whether he chose one or the other of the alternates did not change the nature of his right of action, which was that he had two separate causes of action, one against H. W. Brown Transportation Company, Inc., and the insurance carrier, and the other against Morrison. The mere fact that, as a matter of procedural convenience, the plaintiff is permitted to join all parties in one suit does not give either of the defendants any greater rights than if sued separately in two suits. The privilege of joinder of the defendants in the joint tortfeasor case is a procedural one for the benefit of the injured plaintiff alone. The liability of the defendants remains completely unaffected by the order on the plea to the jurisdiction. The defendants stand no more and no less liable than before the judgment on the plea to the jurisdiction by Morrison. The causes of action are separate. The liability of the defendants depends entirely upon the outcome of the remainder of the litigation in this case.

The privilege of the plaintiff to have a claim against the defendants tried in one suit rather than in two suits is for the benefit of the plaintiff Edgeworth, and he alone is aggrieved by the order on the plea to the jurisdiction. He alone has the right of appeal from that order and judgment. The plaintiff could have reduced the order and judgment on the plea to a final judgment, and then he himself could have taken an appeal had he desired to do so. For his own reasons, the plaintiff did not seek such appeal. The defendants, who are not aggrieved by the order, cannot do what the aggrieved plaintiff has not sought to do. See, in this connection, *Eining* v. *Georgia Ry. &c. Co.,* 133 *Ga.* 458 (66 S. E. 237) and *Burns* v. *Horkan,* 126 *Ga.* 161 (54 S. E. 946). We call attention, in this connection, with reference to separate and distinct causes of action, to the fact that this court has held that the plaintiff has a right to strike either of the joint tortfeasors without the right on the part of the remaining defendants in the case to object thereto. In this connection see *H. W. Brown Transportation Co.* v. *Morrison,* 89 *Ga. App.* 107 (78 S. E. 2d 856), in which this court held: "Joint tortfeasors may be sued jointly or severally, and where the plaintiff sues more than one such defendant, he may amend by striking some

of them as defendants without affecting his rights as to the other defendants. . . Accordingly, where the plaintiff struck John N.' Hoff, Inc., and its insurance carrier as defendants in this suit—which, we hold, he had a right to do—the plea in abatement on this account, filed by the other two defendants, H. W. Brown Transportation Co., Inc., and American Fidelity & Casualty Co., Inc., was without merit, and the trial judge did not err in overruling and dismissing such plea." A sustaining of the plea to the jurisdiction as to one of the tortfeasors, unexcepted to by the plaintiff Edgeworth, is as completely eliminated so far as the instant case is concerned as if the plaintiff had dismissed his cause of action, as was done in the case mentioned immediately hereinabove. A case close to the question in issue here is *Penland* v. *Jackson*, 157 *Ga.* 569 (122 S. E. 44). That case was one involving interpleader, in which one of two defendants filed a demurrer and the other an answer. The demurrer of the first defendant was sustained and the petition dismissed. The second defendant sued out a bill of exceptions to the judgment sustaining the demurrer of the first defendant. The Supreme Court held: "The bill of exceptions must be dismissed, the guardian having no right to a writ of error to the sustaining of the demurrer of her co-defendant, and there being no ruling denying any of the rights asserted by her in behalf of her ward."

In this connection, see also *McRae* v. *Atlanta Title &c. Co.*, 42 *Ga. App.* 656 (157 S. E. 231), wherein the court held: "Whether the order dismissing the suit as to Fulton County is a final judgment as to Fulton County and one to which exceptions would lie directly to this court, it certainly is not final as to the other plaintiff, Mrs. McRae. While the result of the order in striking Fulton County as a party plaintiff may have . . . restricted or curtailed her right, if there was any, to a recovery under the petition as originally brought either as a joint plaintiff with Fulton County, or in her name alone, or in the name of Fulton County by her as a relator, the suit is still left standing in her name as plaintiff, with whatever rights she may have under the allegations in the petition with any permissible amendments thereto." That case involves plaintiffs and the instant case involves defendants. However, the principle on which that case was decided is equally applicable here.

732

The Supreme Court in *Lamar* v. *Lamar*, 118 *Ga.* 684, 687 (45 S. E. 498), held: "It has, we believe, ever been the law, both in this State and in other jurisdictions, that a party not aggrieved by the judgment of a trial court is without legal right to except thereto, since he has of it no just cause of complaint. . . In legal acceptation, a party is aggrieved by a judgment or decree when it operates on his rights of property, or bears directly upon his interest. . . When a plaintiff in error brings a case here, he must show error which has hurt him."

In *Gilliam* v. *Etheridge*, 67 *Ga. App.* 731 (21 S. E. 2d 556), this court held: "The City of Atlanta was aggrieved by the judgment rendered in the superior court sustaining the certiorari in which it had been made a party defendant with the board of Zoning Appeals of the City, but not the Board of Zoning Appeals to which an appeal had been taken from a decision of the building inspector of the city in respect to an application of the defendant in certiorari to improve his property under a zoning ordinance passed by the city pursuant to the amendment to its charter by the act of 1929 (Ga. L. 1929, p. 818), as amended by the act of 1931 (Ga. L. 1931, p. 651). Under the above authorities the Board of Zoning Appeals had no right to except to the judgment complained of, and is not a proper party plaintiff in error in the bill of exceptions brought to this court, and the writ of error having been sued out by one not entitled to except, is void." Also see, in this connection, *First Nat. Bank of Rome* v. *Yancey*, 207 *Ga.* 437 (62 S. E. 2d 179), and *Walker* v. *Hartford Accident &c. Co.*, 196 *Ga.* 361 (26 S. E. 2d 695). In *Georgia Music Operators Assn.* v. *Fulton County*, 184 *Ga.* 348 (191 S. E. 117), the Supreme Court said: "A party not aggrieved by the judgment of the trial court is without legal right to except thereto, since he has no just cause of complaint. . . Such a party is under no duty, and therefore it is not his privilege to bring under review the correctness of the judgment or decree entered." See also *City of Brunswick* v. *King*, 65 *Ga. App.* 44 (14 S. E. 2d 760).

The motion to dismiss the bill of exceptions of the defendants, H. W. Brown Transportation Company, Inc., and the insurance carrier, is meritorious for the reason that the said defendants are not aggrieved by the judgment sustaining the plea to the jurisdiction on the part of the defendant Morrison.

2. We come next to consider the question as to whether or not a judgment sustaining a plea to the jurisdiction is a final judgment from which a writ of error will lie. The trial court, in sustaining the plea to the jurisdiction of Morrison, said: "It is, therefore, considered, ordered and adjudged, that the plea to the jurisdiction of the defendant James L. Morrison be, and is hereby, sustained." No judgment of dismissal based on this order was sought by either the plaintiff Edgeworth or the defendant Morrison. No final judgment of dismissal has been entered in Morrison's favor in this case. We call attention to *C. I. T. Corp.* v. *Smith,* 68 *Ga. App.* 556 (23 S. E. 2d 503), in which Judge Felton, in the opinion which was concurred in by the full bench, said: "A verdict in favor of a plea to the jurisdiction is not a final judgment from which a writ of error will lie. Accordingly, where, as here, the only assignment of error is on the direction of a verdict against the plea to the jurisdiction on the theory that it would have been final if it had been rendered in favor of the plea, the writ of error will be dismissed for the reason that no final judgment, or a judgment which would have been final if rendered as plaintiff in error contended, was excepted to. Because the Supreme Court in so many recent cases has applied the above rule in cases involving similar questions, the request to certify the question to the Supreme Court is denied." See the many cases cited in Judge Felton's opinion, and see also *English* v. *Rosenkrantz,* 150 *Ga.* 745 (105 S. E. 292); *Garman* v. *City of Atlanta,* 55 *Ga. App.* 683 (191 S. E. 164); *Crider* v. *Harris,* 181 *Ga.* 555 (182 S. E. 592); *Ross* v. *Mercer,* 115 *Ga.* 353 (41 S. E. 594); *Mutual Fertilizer Co.* v. *DeLoach,* 73 *Ga. App.* 78 (35 S. E. 2d 487). The order and judgment sustaining the plea to the jurisdiction of Morrison is not final as to the plaintiff. It is not final as to the defendants, H. W. Brown Transportation Company, Inc., or as to the insurance carrier, which are not aggrieved by the order. It therefore follows that the order and judgment sustaining the plea to the jurisdiction of Morrison is not such a final judgment as would permit exceptions to be brought to this court. The bill of exceptions is subject to dismissal for this reason also.

Since we have dismissed the bill of exceptions for the reasons above stated, we are without authority to pass on the judgment

overruling the demurrers, both general and special. We might state, however, even though it be obiter dictum, that, if the plaintiff Edgeworth prevails on the trial of the case and the defendants are dissatisfied with the outcome of the trial and desire to take advantage of the judgment overruling the demurrers, they may do so along with any assignment of error concerning the final trial of the case, if it should be tried again.

The motion to dismiss the bill of exceptions is sustained and the bill of exceptions is hereby

*Dismissed. Townsend and Carlisle, JJ., concur.*