20513. COOPER MOTOR LINES, INC. *v.* B. C. TRUCK LINES, INC. *et al.*

HEAD, Justice. 1. "A party not aggrieved by the judgment of the trial court is without legal right to except thereto, since he has no just cause of complaint." *Georgia Music Operators Assn.* v. *Fulton County,* 184 *Ga.* 348, 350 (191 S. E. 117); *Lamar* v. *Lamar,* 118 *Ga.* 684 (45 S. E. 498).

2. The plaintiff in error does not assign error on that part of the order of the trial judge declaring certain rights of the parties in relation to their various contracts. The only assignments of error are on the failure of the judge to construe a contract between the plaintiff in error and the labor organization represented by two of the defendants, and on the refusal to grant the interlocutory injunction prayed by the petitioner. The plaintiff in error in the trial court did not seek an injunction or the construction of its contract, by any pleadings, prayers, or evidence. Its rights under its contract are in no way prejudiced by the judgment, which refused to construe such contract. It therefore has no right to bring the present writ of error to this court. *White* v. *Haslett,* 49 *Ga.* 262; *Hudson* v. *Hudson,* 84 *Ga.* 611 (10 S. E. 1098); *Braswell* v. *Equitable Mortgage Co.,* 110 *Ga.* 30 (35 S. E. 322); *Penland* v. *Jackson,* 157 *Ga.* 569 (122 S. E. 44); *Bryan* v. *Rowland,* 166 *Ga.* 719 (144 S. E. 275); *First National Bank of Rome* v. *Yancey,* 207 *Ga.* 437 (62 S. E. 2d 179).

*Writ of error dismissed. All the Justices concur.*

ARGUED JUNE 9, 1959—DECIDED JULY 8, 1959.

*Fisher, Phillips & Allen, John Bacheller, Jr.,* for plaintiff in error.

*Wilson, Branch & Barwick, John W. Wilcox, Jr., Poole, Pearce & Hall, John S. Patton, Weekes & Candler,* contra.

B. C. Truck Lines, Inc., brought a petition against R. C. Cook and Weldon L. Mathis, individually and as representatives of a class composed of named labor organizations, and Cooper Motor Lines, Inc. It was alleged: The petitioner is a common carrier engaged in hauling freight for hire. Its Atlanta terminal was destroyed by an explosion, which made it impossible for it to carry on its local service in Atlanta. At the time of the explosion, it employed approximately 26 employees at its terminal, who were members of the named labor union, and as a result of the explosion it was necessary that it discharge these employees. The petitioner had previously entered into a contract with the union, relating to the conditions of employment of the employees, a copy of which contract is attached to the petition. In order to continue to operate its business, the petitioner entered into an oral agreement with Cooper Motor Lines, Inc., also a common carrier for hire with terminal facilities in Atlanta, to provide the local service formerly carried on by the petitioner. At the time of the agreement, Cooper Motor Lines, Inc., had a contract with the same union, with the same provisions and effective dates as the contract of the petitioner with the union. Soon after Cooper Motor Lines, Inc., began cartage operations as an independent contractor for the petitioner, the defendant Cook, on behalf of the union, informed the petitioner and Cooper Motor Lines, Inc., that under the contracts in existence between the carriers and the union, Cooper Motor Lines, Inc., would be required to hire the former employees of the petitioner and give them the seniority they formerly had with the petitioner in the unit of Cooper. Cook thereafter repeated his demands and threatened to take the matter before the grievance committee provided by the contracts. As the result of the threats of Cook, Cooper Motor Lines, Inc., refused to continue its local cartage service for the petitioner, and this has caused a complete cessation of the petitioner's business. The contract does not cover loss of employment due to a disaster, and is not the subject of negotiations or grievances between the union and the petitioner.

There were prayers for an injunction against Cook and Mathis, and the class represented by them, to restrain them from interfering with the contract between the petitioner and

Cooper Motor Lines, Inc., and from filing or processing any grievance under the contract; for a judgment declaring that the cartage agreement of the petitioner is not subject to the contract between it and the union, and the contract between Cooper Motor Lines, Inc., and the union; that Cook and Mathis, and the class represented by them, be enjoined from interfering with the right of the petitioner to carry on its business and to execute contracts for local service, or continue the contracts now in existence.

A temporary restraining order was issued by the trial judge. The defendants Cook and Mathis filed their answer to the petition. No answer or other pleadings were filed by Cooper Motor Lines, Inc. The petitioner and the defendants Cook and Mathis introduced evidence at the interlocutory hearing.

The trial judge entered an order declaring that: The petitioner had a right to enter into the agreement with Cooper Motor Lines, Inc., providing cartage service for it in Atlanta; as long as the petitioner carries on its cartage service in Atlanta under the agreement, neither its former employees nor the union have any rights accruing to them under the contract between the petitioner and the union to interfere with the execution of the agreement between the petitioner and Cooper Motor Lines, Inc. The court further found that "construction of any contract or agreement between Cooper Motor Lines, Inc., and the defendant Union is not properly before the court and is not in this proceeding a justiciable controversy under the Declaratory Judgment Act." The former restraining order was dissolved, and interlocutory injunction denied.

The bill of exceptions is brought by Cooper Motor Lines, Inc., as plaintiff in error, and the defendants in error named are B. C. Truck Lines, Inc., and Cook and Mathis, and the class they represent. Error is assigned because the trial judge did not construe the contract between Cooper Motor Lines, Inc., and the union, and did not grant the injunctive relief prayed by B. C. Truck Lines, Inc.

Motion to dismiss the writ of error has been made by Cook and Mathis, on the ground that the order of the court granted no relief of any nature against the plaintiff in error, and it has no right to bring writ of error to this court.