40348. SOUTHEASTERN ERECTION COMPANY
v. FLAGLER COMPANY et al.

DECIDED JANUARY 8, 1964.

*Greene, Neely, Buckley & DeRieux, James H. Moore*, for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr., Lokey & Bowden, Hamilton Lokey, Glenn Frick*, contra.

EBERHARDT, Judge. This case raises the issue of whether a codefendant in a tort action has standing to oppose a motion for summary judgment made by the other codefendant. It is urged that the other codefendant is not, relative to that proceeding, an adverse party, but we do not think that a fair interpretation of the Act. The Summary Judgment Act (*Code Ann.* § 110-1201, et seq.) specifically makes reference to the "party opposing the motion" but nowhere defines that party as being either a plaintiff or defendant. Nor does the provision for review of an order granting the motion (*Code Ann.* § 110-1208) limit the right to one occupying the status of plaintiff if the judgment is in favor of a defendant, or vice versa.

It may be suggested that the subtitles to *Code Ann.* §§ 110-1201, 110-1202 indicate that the summary judgment

procedure is limited or restricted to situations between the *plaintiff* and *defendant.* But these were not a part of the Act of 1959, p. 234.

There is, however, a fundamental and basic reason why a joint tortfeasor who is a codefendant in a negligence action cannot, in the posture here, have reviewed the grant of a summary judgment in favor of another defendant. The error, if any, must be one that adversely affects some right that he may have. It is elemental and quite obvious that no matter how erroneous the grant of the summary judgment may be as to the plaintiff, the codefendant will not be heard to complain or except on that ground.

If Southeastern has any basis for complaint against the granting of the order it can arise only because they are joint tortfeasors and it has a right of contribution from Flagler. Provision for recovery by the plaintiff against joint tortfeasors is made in *Code* § 105-2011, and the right of contribution as between them is established by *Code* § 105-2012,[1] changing the common law rule that one joint tortfeasor could have no right of contribution from the other. *Southern R. Co. v. City of Rome,* 179 Ga. 449 (176 SE 7). Enforcement of the right is provided by *Code* § 37-303 which, though not making reference to "joint trespassers" or "joint tortfeasors" as such, does provide for both situations ex contractu and ex delicto by the language "In cases of joint, joint and several, or several liabilities of two or more persons, where all are equally bound to bear the common burden, etc." *Southern R. Co. v. City of Rome,* 179 Ga. 449, 452, supra.

If then, Southeastern had a right of contribution from Flagler when summary judgment was granted in Flagler's favor it would of necessity follow that its right was adversely affected by that action, and must be afforded the further right of review; but if it had no right to be adversely affected then no right of

---

[1]"Trespass" is the equivalent of "tort" and "joint trespassers" is equivalent to "joint tortfeasors." The terms are often used interchangeably. *Cox v. Strickland,* 120 Ga. 104, 107 (47 SE 912, 1 AC 870). And see Art. VI, Sec. XIV, Par. IV (*Code Ann.* § 2-4904) of the Constitution.

review exists, for it is fundamental that no one whose right has not in some way been adversely affected thereby can demand and have review of a judgment. *Townsend v. Davis,* 1 Ga. 495; *H. W. Brown Transp. Co., Inc. v. Edgeworth,* 90 Ga. App. 728, 729 (84 SE2d 103). Any other rule would result in requiring the appellate court to consume its time in deciding moot questions.

Here there has been no trial of the case resulting in a judgment against either or both defendants. No liability against either of them has, as yet, been established. While Flagler escapes on the basis of the summary judgment, there is no certainty that Southeastern will not enjoy a like result at the hands of the jury.

"The [Code] sections certainly provide for contribution among joint trespassers *against whom a judgment has been entered,* and to this extent change the common law, . . . and it is clear that they provide for the right of contribution *only among those who are sued and against whom judgment has been rendered."* (Emphasis supplied). *Mashburn & Co. v. Dannenberg Co.,* 117 Ga. 567, 582 (44 SE 97). That no judgment has been rendered or entered against Southeastern *and* Flagler as joint tortfeasors is sufficient reason why no right of review exists on the part of Southeastern. But if more were needed it is to be found in the further assertion of the court in *Mashburn,* supra, that: "The right of contribution among joint tortfeasors is absolutely dependent upon the right of election which the law gives the plaintiff. It exists among those whom he elects to sue jointly, and does not exist as to those whom he fails to join as defendants to the suit." Most assuredly this rule applies with equal force when the plaintiff sues the joint tortfeasors together but elects to dismiss as to one of them, as happened in *Mashburn,* and in *H. W. Brown Transp. Co. Inc. v. Morrison,* 89 Ga. App. 107 (78 SE2d 856), or where one secures the sustaining of a general demurrer as to himself, *Penland v. Jackson,* 157 Ga. 569 (122 SE 44); *Moore v. Harrison,* 202 Ga. 814, 818 (44 SE2d 551), or has his plea to the jurisdiction sustained, *H. W. Brown Transp. Co. Inc. v. Edgeworth,* 90 Ga. App. 728, supra. Since the plaintiff here elected not to except

to the grant of summary judgment in Flagler's favor the effect is the same as if Flagler had never been named as a defendant in the suit, or there had been a voluntary dismissal as to it.

And for the reason that at the time of the consideration of Flagler's motion for summary judgment Southeastern had no right existing that could be adversely affected by it, there was no error in the refusal of the trial court to consider the affidavits submitted by it in opposition.

This is not to say, of course, that when the case comes on for trial before a jury Southeastern can not offer evidence tending to show that plaintiff's injury resulted from some negligent act of Flagler—whether Flagler is in the case as a defendant at that time or not. But that is for an entirely different reason. The purpose of the evidence then will be to mitigate or escape liability on its part. That does not rest upon any right of contribution.

There may well be instances in which a codefendant does have some existing right that will be adversely affected by the grant of summary judgment in favor of another, and, if so, his affidavits in opposition ought to be considered. In that circumstance if the judgment is granted a right of review at the proper time must follow. But we do not deal with that kind of situation here.

The result here illustrates the desirability and advantage that might accrue from the adoption of a third party practice such as obtains under the Federal Rules of Civil Procedure (See Rule 14). If it were adopted rights would arise as between coplaintiffs and codefendants which do not exist under our present practice, including, perhaps, the right to except in instances such as are here presented.

The language of the Summary Judgment Act is, it seems to us, drawn so that it will be compatible with a third party practice if and when that is adopted in Georgia—a compatibility similar to that which exists between Rules 14 and 56 of the Rules of Federal Procedure.

*Writ of error dismissed. Nichols, P. J., Bell, P. J., Jordan, Hall, Russell and Pannell, JJ., concur. Frankum, J., concurs in the judgment or result reached. Felton, C. J., concurs specially.*

FELTON, C. J., concurring specially. 1. I concur in the judgment but for a different reason. *Code* § 110-1203 provides in part that "the adverse party prior to the day of hearing may serve opposing affidavits." *Code* § 110-1205 provides further, in part, that "unless waived, affidavits of the movant shall be filed in court and served *on the opposing party* or his counsel along with the motion for summary judgment." (Emphasis supplied.) The fact that the above statutes refer to *the* adverse party and *the* opposing party, rather than *an* or *any* adverse or opposing party, for example, indicates that the parties referred to are the party or parties plaintiff on the one hand and party or parties defendant on the other hand, rather than co-parties plaintiff on the one hand or defendant on the other. This is in accordance with the customary and usual meaning ascribed to "adverse parties" and "opposing parties." The controversy in this case is not between the two codefendants, but rather between the plaintiff and each codefendant jointly and severally. The plaintiff was the only party against whom the motion for summary judgment was directed and was the only party served. Plaintiff in error did appear at the hearing, did file affidavits in opposition to the motion and did argue the motion. Since the plaintiff, as the adverse party in the case, was the only party who could appeal the judgment below, the Southeastern Company is not a proper party plaintiff in error; therefore, the writ of error brought by it must be dismissed. The summary judgment law must be construed in the light of other relevant laws. This exact question has not been raised before in Georgia, to my knowledge, and the rulings nearest to the point are those in cases such as *Western Union Tel. Co. v. Griffith,* 111 Ga. 551 (36 SE 859). A rule there pronounced was that where one of the defendants in a joint and several action against joint defendants obtains a verdict in his favor the codefendant against whom a verdict was rendered may appeal without naming the other defendant a party to the bill of exceptions. See also *Moore v. Harrison,* 202 Ga. 814 (44 SE2d 551) and similar rulings. It seems to me that the above ruling answers the question before us because if the defendant against whom a verdict was rendered has any right whatsoever to keep

the other defendant in the case, as against him, the latter would be a necessary party. What the ruling above means to me is that there is no right in the defendant held liable to contest with the released defendant whether the latter should be bound or not. In other words, in such cases, the question of the separate liability of each defendant is a question solely between the plaintiff and each defendant.

2. The majority opinion says that if the released defendant has a vested right in the subject matter he is a proper party to contest with his codefendant. I have above shown why under our law a codefendant is not such an adverse party to his codefendant as gives him the right to contest with his codefendant in such a case as this. If I am wrong in my position I think that the defendant held in the case has such a right as will entitle him to contest with his codefendant in the effort to keep him in the case so that he may be relieved of the whole burden of the verdict found for the plaintiff. A codefendant certainly would not be denied the right to show that the evidence demanded a finding that the released codefendant was guilty of concurring negligence proximately causing the plaintiff's injuries. It is unthinkable that he could be said not to have an enforceable right until a final judgment had been rendered against both defendants and he had paid more than his share so as to give him the right of contribution. What good is a right of contribution if the law ties your hands behind your back and prevents you from showing that at the end of the case you will be entitled to contribution? Under the theory set forth by the majority I think that the plaintiff can urge the point that the codefendant was improperly stricken from the case.

3. If my Division 1 seems unfair, any unfairness comes from the lack of a law allowing joint tort-feasors to make other persons parties defendant who might be jointly and severally liable to the plaintiff. Such is not the law in Georgia. This court cannot make it so. But the majority's effort to support its position by comparing this case with one in which a plaintiff either elects not to sue one of several joint tortfeasors, or dismisses the case as to one or more, is untenable. In this case the plaintiff did sue both defendants and he has not dismissed as to the released

defendant. The court released the defendant, not the plaintiff, and the court was not acting as agent for the plaintiff so that he could ratify the court's act. For the sake of argument, if the plaintiff in error could be successful in reinstating the case against the codefendant released, the fact that the plaintiff below failed to except to the release of the codefendant would not eliminate the codefendant temporarily released from the case. What could be plainer?