## 49729. AVIS RENT A CAR SYSTEM, INC. v. RICE et al.

WEBB, Judge.

Plaintiffs Rice brought suit against defendant Pietri and Avis Rent A Car System, Inc., alleging that the negligence of Pietri in operating an automobile rented from Avis was the proximate cause of the subject automobile collision, and that Avis was chargeable with Pietri's negligence because it negligently rented the automobile to him without ascertaining by due diligence that he "was a negligent driver with a bad driving record."

Avis answered and denied that it or Pietri was negligent. Pietri, a nonresident motorist, made no appearance; and plaintiffs moved for a default judgment against him with regard to liability, alleging that service had been perfected upon him pursuant to the Nonresident Motorists Act (Code Ann. § 68-801 et seq.). The trial court found that although the summons and the complaint which had been mailed to a New York address were returned marked "moved, left no address," and that although the papers which were subsequently forwarded to an address in France were also returned without delivery, the plaintiffs had "used due diligence in attempting to locate and notify" Pietri and had "attempted to comply" with all requirements of due process and of the Act. The ruling of the court was that plaintiffs had complied with all prerequisites for valid service; that Pietri was subject to the jurisdiction of the court; that he was in default; and that "*summary judgment* on the issue of liability only against [Pietri] and in favor of plaintiffs is herewith granted." (Emphasis supplied.) Avis appeals. *Held:*

1. Since the trial court purported to grant a partial summary judgment, the order is appealable without a certificate for immediate review. Code Ann. § 81A-156 (h). Assuming for the purpose of argument that Pietri was subject to the jurisdiction of the court and was in default, the proper judgment to be entered was, as prayed for, a default judgment pursuant to CPA § 55 (Code Ann. § 81A-155), and not a summary judgment pursuant to CPA

§ 56 (Code Ann. § 81A-156), which is inappropriate under the circumstances here. This error will undoubtedly be corrected on further proceedings.

2. Avis brings this appeal, according to its brief, "as an aggrieved co-party on the basis of the alleged vicarious liability of appellant Avis." Apparently Avis uses the term "vicarious liability" in the sense that negligence of Pietri is a sine qua non to a finding of liability against it for negligent entrustment. But we fail to see how Avis has standing to prosecute the appeal on this basis.

"[I]f it had no right to be adversely affected then no right of review exists, for it is fundamental that no one whose right has not in some way been adversely affected thereby can demand and have review of a judgment. *Townsend v. Davis,* 1 Ga. 495; *H. W. Brown Transp. Co. v. Edgeworth,* 90 Ga. App. 728, 729 (84 SE2d 103). Any other rule would result in requiring the appellate court to consume its time in deciding moot questions." *Southeastern Erection Co. v. Flagler Co.,* 108 Ga. App. 831, 832-33 (134 SE2d 822).

Avis has denied that it was negligent or that Pietri was negligent. It is not contended that the default judgment against Pietri is binding upon Avis on the question of Pietri's negligence, and we know of no such rule of law. "[P]roper procedure is followed, after a default is entered against the nonappearing defendant, by proceeding to a trial of all the issues raised by the appearing defendants." 47 AmJur2d 190, Judgments, § 1161. Thus as against Avis, plaintiffs must prove, in addition to the matters pertaining to negligent entrustment, that Pietri was negligent and that this negligence was the proximate cause of the collision. We do not perceive how the default judgment has adversely affected Avis as a co-defendant, and the appeal must be dismissed. Cf. *Southeastern Erection Co. v. Flagler Co.,* 108 Ga. App. 831, supra. Accord: *Lewis Card & Co. v. Liberty Mut. Ins. Co.,* 127 Ga. App. 441, 442 (1) (193 SE2d 856); *Shaw v. Jones,* 129 Ga. App. 95 (198 SE2d 709); *Finnocchio v. Lunsford,* 129 Ga. App. 694 (1) (201 SE2d 1). Compare *Collier v. Hyatt,* 110 Ga. 317 (35 SE 274); *Brissette v. Munday,* 222 Ga. 162 (149 SE2d 110); *Gordon v. Johnson,* 114 Ga. App. 207 (150 SE2d 461);

*Clonts v. Associated Distributors, Inc.,* 132 Ga. App. 558 (1).

*Appeal dismissed. Pannell, P. J., and Evans, J., concur.*

ARGUED OCTOBER 2, 1974 — DECIDED
OCTOBER 9, 1974.

*Swift, Currie, McGhee & Hiers, Guerry R. Moore,* for appellant.

*DeVille, Levine & Lewis, Roman A. DeVille,* for appellees.