# Court of Appeals
# of the State of Georgia

ATLANTA, June 22, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1508. THE STATE v. JULIAN CONLEY.

Julian Conley and Jerrion McKinney have been charged in this case with numerous offenses in a single indictment, which includes charges against Conley for murder and felony murder. Before the start of the trial which the two defendants face, the trial court issued an order on March 15, 2022, ruling that (1) one incident involving Conley and one incident involving McKinney would be admissible at trial, and (2) two incidents involving McKinney would be inadmissible at trial. The State then filed appeals in both cases, pursuant to OCGA § 5-7-1 (a) (5), which were directed to the Supreme Court. The Supreme Court issued an order dismissing the appeal in Conley's case and transferring the appeal in McKinney's case to this Court. The appeal in Conley's case has been docketed in this Court as the instant appeal, Case No. A22A1508, and the appeal in McKinney's case has been docketed as Case No. A22A1509. In dismissing the appeal in Conley's case, the Supreme Court explained:

> While the [Supreme] Court has subject matter jurisdiction over the appeal as to the ruling involving Conley because he has been indicted for murder, the appeal does not comply with OCGA § 5-7-1 (a) (5), which provides that the State can appeal "from an order, decision[, or] judgment *excluding any other evidence to be used by the state at trial* on any motion filed by the state or defendant at least 30 days prior to trial and ruled on prior to the impaneling of a jury or the defendant being put in jeopardy, whichever occurs first, if . . . the notice of appeal . . . is filed

within two days of such order[.]" (Emphasis supplied). Although the State's appeal was filed within two days of the March 15 order, the order itself did not *exclude* evidence the State sought to introduce against *Conley*; instead, it ruled that the evidence regarding an incident involving Conley was admissible at trial. Thus, the State had no right to file a direct appeal as to the inclusion of evidence against Conley — a ruling that was favorable to the State. See *Cooper Motor Lines, Inc. v. B. C. Truck Lines, Inc.*, 215 Ga. 195, 196 (109 SE2d 689) (1959) (holding that "a party not aggrieved by the judgment of the trial court is without legal right to except thereto"). Accordingly, the appeal in S22A0878 is dismissed.

The Supreme Court's ruling that the State had no right to file a direct appeal in Conley's case is binding. Accordingly, the instant appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__06/22/2022_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____Stephen E. Castlen_____, *Clerk.*